UNITED STATES of America ex rel.
Charles PHILLIPS, Petitioner,

v.

Robert J. HENDERSON, Respondent.

No. 71–C–1451.

United States District Court,
E. D. New York.

Dec. 8, 1971.

## MEMORANDUM and ORDER

BRUCHHAUSEN, Senior District Judge.

The petitioner, hereinafter called Phillips, now in State custody, applies, pro se, for a writ of Habeas Corpus and authorization to proceed in Forma Pauperis.

### THE SUBSTANCE OF PHILLIPS' CLAIMS FOR RELIEF

1. That his plea of guilty was not voluntary;

2. That his attorney, through false promises, inducements and misrepresentations pressured him into withdrawing his plea of not guilty and entering a plea of guilty.

The reason why this Court elaborates on this case is to demonstrate that in this court and in our sister Federal courts, too much of our time is consumed in frivolous applications.

### THE PROCEEDINGS, CULMINATING IN HIS PLEA OF GUILTY AND SENTENCE.

On January 11, 1968, Phillips and others were indicted by a Nassau County Grand Jury for the crimes of Robbery, first degree; Grand Larceny, third degree and possession of weapons as felonies, committed on December 7, 1967.

On January 23, 1968, he pleaded not guilty.

He and three co-defendants moved for a hearing to suppress the search and seizure. It was held on August 28, 1968 and the motion was denied on October 16, 1968.

The record on file in the Nassau County Clerk's Office, contains a statement, signed by co-defendant, Audrey Lester, shortly after the robbery, implicating herself and Phillips in the robbery. At that time he also signed a similar statement.

On April 30 and May 1, 1969, a Huntley hearing was held before Hon. Harold M. Spitzer, County Judge. The said Audrey Lester, her attorney, Phillips and his attorney, James Dowling, attended and participated in the hearing. Audrey Lester was the first defendant to withdraw her plea of not guilty and to plead guilty to Robbery in the second degree. She agreed to cooperate with the authorities. Thereupon, Phillips offered to plead guilty as a youthful offender. Frank Dillon, Esq., an Assistant District Attorney, replied thereto, by stating that Phillips had a criminal record, i. e., that on April 14, 1964, he was arrested at Raleigh, North Carolina, for breaking and entry and on June 2, 1965, he was arrested in New Cassel, New York, and charged with Assault, first degree, with a gun and unlawful possession. On October 8, 1965, he pleaded guilty to an amended information and was adjudged a youthful offender. On October 21, 1965, he was sentenced to Elmira for a term, not to exceed three years. Mr. Dillon stated he opposed acceptance of the youthful offender plea. The Judge stated that he was ready to proceed with the trial, also, viz:

"Well, it appears to me he was on parole. * * * the application (for youthful offender treatment) is denied. * * * are we ready to proceed with the trial?"

Colloquy ensued, whereupon Mr. Dowling requested an adjournment. A luncheon recess was then taken. Extracts from the record, are as follows:

"Mr. Dowling: Your Honor, it is the same application as this morning. Phillips will withdraw the plea of not guilty and plead guilty to robbery second * * *. No promises or representations have been made with respect to sentence, by the District Attorney * * * or by the Court. * * *

"The Court: All right. Do you understand that, Mr. Phillips?

"The Defendant: Yes, sir. * * * I am pleading guilty to robbery.

"The Court: Robbery in what degree? The Second degree?

"The Defendant: Yes.

"The Court: You understand you are charged with robbery in the first degree, do you not?

"The Defendant: Right.

"The Court: And you know that robbery in the first degree is a more serious crime than robbery in the second degree?

"The Defendant: Yes.

"The Court: All right now, I want to know from you whether or not you were involved in this particular crime that is being charged here, this robbery of the Chicken Delight? * * *

"The Defendant: I was there when it happened. * * * Audrey Lester came over to my house * * * so we left from there * * * down to New Cassel * * * that's where we met the other people * * * we started riding. So everybody want to make some money. * * * Somebody wanted to heist the joint, they wanted to take out something. So, we started riding. All of a sudden, we end up in Post Avenue Chicken Delight. Somebody says, 'Heist the job'. * * * So, anyway, I goes and gets out of the car, the girl gets out, so, I goes down and joins with the girl in the Chicken Delight * * * she turned around and pulled a gun and said 'This is a stickup' * * * she gets the man and grabs him, gets the money. * * * I'm running down the street getting in the car. * * *

"The Court: You recognize that you might be found guilty of robbery in

the first degree. Is that what you are saying?

"The Defendant: It is just what my attorney told me, Mr. Dowling. He say this is best for me, so I take this.

"The Court: You feel that it is in his best interest, Mr. Dowling?

"Mr. Dowling: Yes, in reviewing the evidence in the suppression hearing and the Huntley hearing, as it progressed and my personal investigation which I caused, I feel that it is in the best interest of my client."

Thereupon, the defendant withdrew his plea of not guilty and pleaded guilty to robbery in the second degree and June 12, 1969 was fixed for sentence.

## AS TO PHILLIPS' CLAIM OF MIS-REPRESENTATIONS MADE TO HIM BY HIS ATTORNEY.

Phillips' attorney, James Dowling, submitted an affidavit to the said trial Court, dated July 21, 1969, the substance whereof is as follows:

Phillips was placed on the premises with a weapon in his hand. In addition thereto, he had previously given a statement to the police, which implicated him. Co-defendant Audrey Lester pled guilty and was prepared to testify concerning Phillips' part in the robbery. In view of all this, Dowling advised him that if found guilty, he was subject to maximum sentences totalling 36 years, also that the District Attorney had offered to accept a plea of guilty to robbery in the second degree, calling for a maximum sentence of 15 years. Phillips agreed to accept the plea so offered. By letter, dated May 2, 1969, he requested Dowling to visit him for the purpose of withdrawing the plea. Several visits were made. Phillips wrote a letter to Dowling, dated May 8, 1969, viz:

"Date May 8, 1969
"From Charles Phillips
"Addressed to
    Name Mr. James W. Dowling
    Street & No.  233 Seventh Street
    Post Office  Garden City, N. Y.

"Dear Mr. Dowling:

"I received the copy you sent me. I am very sorry that things worked out the way they did. The real reason I am writing is because I feel that I was very wrong to tell you that I didn't trust you because if I didn't, I wouldn't have told you certain things. I really did put a lot of trust in you because I am still here and not in prison; not yet anyway. I know you took a real interest in me. I just didn't want to omit it because no one else really cared about me or what happen to me. I do hope you will except my apology because I was wrong by saying that I didn't trust you. Maybe I don't trust myself. You have did a great many things for me and I really appreciate it if there were anyway I could repay you I would be more than glade to. I am really confuse and certain people have me confuse. The real is that I know a lot of things. I am not sure if I should reveal them or not. It just mite cost me a whole life. I am going to put all of my trust in you and if you fail me I will be disappointed in you the rest of my life. I doubt it because I know I won't be around to live a life. I would be more than glade to see you.

> Very truly yours,
> Charles Phillips."

On May 12, 1969, Dowling, accompanied by his partner, Eugene Lamb, visited Phillips. The latter stated that he did not wish to withdraw his plea of guilty, that he wished to cooperate with the District Attorney and authorized Dowling to discuss with the District Attorney and give him such information from his (Dowling's) file as would indicate his (Phillips') willingness to cooperate. The latter further stated that he would agree to testify, if necessary, as was the original condition of taking the Robbery Second Degree plea. It was then and for that purpose only that Phillips was brought to the District Attorney's office for the purpose of discussing his testimony.

On June 25, 1969, the defendant was sentenced to a term of four years with a maximum of twelve years.

Phillips fails to mention in his present petition that he appealed from the judgment of conviction, dated June 25, 1969, to the Appellate Division of the Supreme Court, Second Department and to the New York State Court of Appeals. The issues therein presented were the validity of the guilty plea and the Search and Seizure. Both of the said Courts, affirmed the said judgment, without opinion.

Phillips later appealed to said Appellate Division from the order of the Nassau County Court, dated September 30, 1970, denying his application for a writ of Coram Nobis.

The issues he therein raised were the same as he now presents to this Court.

On June 21, 1971, the said Appellate Division unanimously affirmed the said order and on August 26, 1971, leave to appeal therefrom was denied by the Court of Appeals of this State.

In North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162, the Supreme Court of the United States held that an accused may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even though he is unwilling to admit participation in a crime, or even if his guilty plea contains a protestation of innocence, when he intelligently concludes that his interests require a guilty plea and the record strongly evidences guilt.

Upon due deliberation, it is ordered that the petition be and it is dismissed.

Due to the fact that in numerous applications for federal habeas corpus writs, defendants, fail to mention vital matters and information, presented to the trial courts, this court, in this case, procured all of the available records. Furthermore, this memorandum should support the movement toward imposing restrictions and time limit in this field.